IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Patrick NJOROGE, an individual<br><br>Plaintiff,<br>v.<br><br>VOCATIONAL TRAINING INSTITUTES, INC. (d/b/a PIMA MEDICAL INSTITUTE), an Arizona corporation<br><br>Defendant. | Cause No.<br><br>PLAINTIFFS' COMPLAINT FOR DAMAGES |

**TO:** The Superior Court Clerk; and
**TO:** Defendant PIMA Medical Institute

**COMES NOW,** the Plaintiff Patrick Njoroge, by and through his attorney of record, Edward C. Chung, and the law firm of CHUNG & MALHAS & MANTEL, PLLC, and brings this Complaint for Damages against the Defendant Vocational Training Institutes, Inc. and alleges as follows:

## I. JURISDICTION AND VENUE

1.1 This Court has subject matter jurisdiction to hear this matter as all the events underlying this claim arose in King County and venue is proper pursuant to RCW 3.66.040.

1.2 This Court has personal jurisdiction over the Defendant because Defendant



PLAINTIFFS' COMPLAINT FOR DAMAGES
PAGE 1 OF 7

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

Case 2:16-cv-00951   Document 1   Filed 06/22/16   Page 2 of 7

## II. PARTIES

*Plaintiff re-alleges Paragraphs 1.1 through 1.2 and incorporates herein as if set forth in full.*

2.1   Plaintiff Patrick Njoroge ("Njoroge") is a resident of King County in the State of Washington.

2.2   On information and belief, Defendant Vocational Training Institutes, Inc. (d/b/a PIMA Medical Institute ("PIMA") is incorporated in Arizona but conducts business and has substantial contacts in King County, Washington.

## III. FACTUAL ALLEGATIONS

*Plaintiff re-alleges Paragraphs 1.1 through 2.2 and incorporates herein as if set forth in full.*

3.1   Njoroge is black and originally from Kenya. Upon starting classes, Plaintiff submitted an essay to the school titled "Kikuyu Culture" about his native land of Kenya. It was a description of his heritage, written fairly objectively, but with a warm-hearted fondness for his land and people. In it, he describes a set of quite traditional gender roles, and a kind of idyllic life. This essay created a great deal of fury, particularly in OTA Program. It became widely known that instructors were hostile to Plaintiff's ethnographical sketch, and thus to Plaintiff, to say the least.

3.2   On information and belief, Njoroge is the only black student in the Occupational Therapy Assistant (OTA) Program at PIMA Medical Institute in Renton, Washington.

3.3   Njoroge took courses from PIMA from 2012 until May 2014. Njoroge maintained a GPA above 2.0 and retook any courses he did not pass that would be necessary to obtain the necessary certification.

3.4   On May 23, 2014, Ms. Corsilles-Sy, Program Director, terminated Njoroge from the OTA Program at PIMA for his alleged failure to maintain the necessary academic standards.

3.5   On or about May 27, 2014 Njoroge filed a grievance and appeal of his termination with PIMA on the basis that it was discriminating against him and not following its own Affirmative Action policies.

3.6   In or about June 2014, Njoroge succeeded in his appeal and was permitted to continue in the program over Ms. Corsilles-Sy's objections.

3.7   Njoroge enrolled in an additional semester at PIMA to be held from September 29, 2014 to January 28, 2015.

3.8   Within a week of beginning the semester, on or about October 1, 2014, PIMA's records showed that Njoroge already had a 68% in Pediatrics and 57% in Seminar!

3.9   Njoroge asked his instructors about these grades and they informed him that Corsilles-Sy had personally entered the grades. For instance, he talked to Ms. Loi., another instructor who had entered this "grade-changing" scandal, and also showing a grade on the Blackboard of 57%, which again was wrong. But Ms. Loi, at least, confessed to Defendant that "It looks like you have a problem with Dr Cecille, she is the one who entered the grade." Ms. Loi confessed that she was a new instructor and she had no control of the discrimination against Defendant.


PLAINTIFFS' COMPLAINT FOR DAMAGES
PAGE 2 OF 7

Chung, Malhas & Mantel, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

3.10   Despite multiple attempts to determine why PIMA was set on failing him and why his instructors and administrators were not telling him why his grades were so low, Njoroge continued to do his coursework throughout the semester.

3.11   Then on or about February 2, 2015, PIMA terminated Njoroge from the OTA program. PIMA indicated he had been terminated for failing two courses, Pediatrics and Seminar.

3.12   Immediately after his termination, Njoroge spoke with Associate Director, Kristi Shimada, to inquire regarding his grades and his subsequent termination.

3.13   Njoroge subsequently met on March 6, 2015 with Shimada and he showed her how his grades on the program's Blackboard were higher than the grades alleged by Corsilles-Sy leading to his termination.

3.14   PIMA changed Njoroge's grades on or about March 25, 2015 by changing his Seminar grade to 93.53% and his Pediatrics grade to 57.82%.

3.15   Njoroge's Seminar grade is reflected as a "B" on his transcript when it should be an "A."

3.16   PIMA's professor in Pediatrics, Tiffany Keeny, manipulated Njoroge's Pediatric's grade to reflect a failing grade and did not follow the grading structure as presented in the course's syllabus at the beginning of the semester.

3.17   Had Keeny graded Njoroge's performance consistent with her own syllabus, Njoroge would have a "C" grade in lieu of a failing grade and would be continuing his education at PIMA.

3.18   Ms. Corsilles-Sy and Ms. Keeny discriminated against Njoroge by ensuring his removal from the program after he succeeded in his appeal. She additionally bullied Plaintiff by demanding she "Need a statement from you on just what or how he found discrimination in the OTA program." At this juncture, it was objectively clear to Plaintiff, from Dr. Corsille-Sy's words and manner that she was decidedly 'against" him. Still, as he did not want more problems, he simply said: "Lack of fairness in being terminated from the program."

3.19   On December 15, Defendant visited the Campus Director in Renton, Mr. Bob, and showed him his posted grades, as well as the ones in paper form. He explained that his grades were posting wrongly. Director Bob seemed to sympathize and said he will investigate. After, he was told by Campus Director Mr. Bob that "It looks you have a problem with Dr. Cecille."

3.20   From the time Njoroge began the OTA Program until his termination in February 2, 2015, he paid approximately $26,007 to PIMA.

3.21   Because of Njoroge's termination from the program, he is unable to do the necessary fieldwork to take the board exam and obtain gainful employment in his profession of choice.

//

//

PLAINTIFFS' COMPLAINT FOR DAMAGES
PAGE 3 OF 7



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

## IV.     CAUSES OF ACTION

### FIRST CLAIM
RACE DISCRIMINATION
SECTION 601 OF TITLE VI OF CIVIL RIGHTS ACT OF 1964

*Plaintiff re-alleges Paragraphs 1.1 through 3.21 and incorporates herein as if set forth in full.*

4.1   Plaintiff is a member of a protected class.

4.2   On information and belief Plaintiff receives federal funding.

4.3   In violation of section 601 of the Civil Rights Act of 1964, Defendant intentionally discriminated against Plaintiff by manipulating its grading records to ensure Plaintiff would fail and not be permitted to return to the program.

4.4   Defendant discriminated against Plaintiff because of his race and color.

4.5   As a direct and proximate result of Defendant's discrimination, Plaintiff has been unable to continue his courses to receive certification and lost the value of his tuition paid to Defendant.

4.6   Defendant receives financial assistance from the United States Department of Education and is therefore subject to suit under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI").

4.7   Defendant violated Title VI by being deliberately indifferent to the maintenance of a racially hostile educational environment. Plaintiff has suffered racial harassment that is severe, pervasive, and objectively offensive, resulting in a racially hostile educational environment. As a result, Plaintiff has been deprived of access to educational benefits and opportunities provided to
other students in violation of Title VI.

4.8   Defendant exercised control over professors and staff as well as the context in which the racially hostile environment was created. Defendant had actual notice of the racially hostile educational had the authority to address it and take corrective action.

### SECOND CLAIM
RETALIATION

*Plaintiff re-alleges Paragraphs 1.1 through 4.8 and incorporates herein as if set forth in full.*

4.9   Plaintiff filed an appeal of his grades and stated that he was being discriminated against because of his race and color.

4.10   After filing the appeal and after winning the appeal, Defendant continued to manipulate its records to ensure that Plaintiff would not be permitted to return to its program.

4.11   Defendant terminated Plaintiff from the program because of his claim of discrimination.

PLAINTIFFS' COMPLAINT FOR DAMAGES
PAGE 4 OF 7



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

4.12  As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has been unable to continue his courses to receive certification and lost the value of his tuition paid to Defendant.

### THIRD CLAIM
### BREACH OF CONTRACT

*Plaintiff re-alleges Paragraphs 1.1 through 4.12 and incorporates herein as if set forth in full.*

4.13  By accepting Plaintiff's tuition, it has a Defendant had a duty to provide educational services, grade Plaintiff fairly, and to abide by its own policies. Defendant breached this duty and such breach directly and proximately caused economic injury to plaintiff.

### FOURTH CLAIM
### UNJUST ENRICHMENT

*Plaintiff re-alleges Paragraphs 1.1 through 4.13 and incorporates herein as if set forth in full.*

4.14  Plaintiff conferred a benefit to Defendant when he transferred his tuition payment to it. Defendant. In return, Plaintiff reasonably expected to be graded fairly and to receive his education. However, Defendants did not hold up its part of the bargain and thereby unjustly profited at the expense of Plaintiff.

### FIFTH CLAIM
### CONSUMER PROTECTION RCW 19.86.

*Plaintiff re-alleges Paragraphs 1.1 through 4.14 and incorporates herein as if set forth in full.*

4.15  Defendants actions were unfair or deceptive, in violation of the Washington Consumer Protection Act, RCW 19.86, because despite their professed commitment, based on marketing material and other documents to provide high quality services, including fair grades, Defendant failed miserably to provide Plaintiff with honest and adequate service for his tuition.

4.16  Defendant's deceptive acts and practices caused injury to Plaintiff, and continue to have the capacity to mislead other persons.

4.17  Moreover, Defendant's actions were especially deceptive because the parties had unequal bargaining power, given that Plaintiff was a foreigner and a student. Defendant's services were not only inadequate but also unconscionable.

### SIXTH CLAIM
### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

*Plaintiff re-alleges Paragraphs 1.1 through 4.17 and incorporates herein as if set forth in full.*

4.18  Defendant's actions were extreme and outrageous and intended to cause emotional distress to Plaintiff. Plaintiff continues to suffer emotional distress as a result of his traumatic dealings with Defendant. Plaintiff has had physical manifestations of his emotion distress, which Defendant caused for no lawful purpose.

//

//

PLAINTIFFS' COMPLAINT FOR DAMAGES
PAGE 5 OF 7

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

### SEVENTH CLAIM
VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION - UNLAWFUL DISCRIMINATION ON THE BASIS OF RACE, SEX, AND PERCEIVED SEXUAL ORIENTATION

*Plaintiff re-alleges Paragraphs 1.1 through 4.18 and incorporates herein as if set forth in full.*

4.19    Plaintiff has suffered harm from severe and persistent harassment on the basis of his race and from the maintenance of a hostile educational environment. Incidents of racial discrimination at Vocational were sufficiently severe to create a hostile educational environment.

4.20    Defendant's response to the known harassment and hostile educational environment was not adequate it thereby violated the Washington Law Against Discrimination, Chapter 49.60 R.C.W.("WLAD").

### EIGHTH CLAIM
NEGLIGENCE – BREACH OF THE SCHOOL DISTRICT'S SPECIAL DUTY TO PROTECT PLAINTIFF FROM FORESEEABLE OR REASONABLY ANTICIPATED DANGERS OR HARM

*Plaintiff re-alleges Paragraphs 1.1 through 4.20 and incorporates herein as if set forth in full.*

4.21    Schools in Washington have a special duty to protect students in their custody from reasonably anticipated harm.

4.22    Defendant breached its special duty to protect Plaintiff from reasonably anticipated or foreseeable dangers or harms by failing to take effective actions or steps to put an end to the hostile educational environment and harassment of Plaintiff on the basis of his race. Defendant failures include failure to design and implement effective anti-harassment policies and practices, failure to properly and adequately discipline teachers and staff who engage in harassment of students, failure to properly train staff and employees and failure to properly investigate the claims of Plaintiff.

### EIGHTH CLAIM
OUTRAGE

*Plaintiff re-alleges Paragraphs 1.1 through 4.22 and incorporates herein as if set forth in full.*

4.23    Defendant engaged in extreme and outrageous conduct toward Plaintiff. Defendant intentionally or recklessly inflicted emotional distress upon Plaintiff. Such conduct by the Defendant resulted in severe emotional distress to Plaintiff that manifested in physical problems.

### NINTH CLAIM
EQUAL PROTECTION

*Plaintiff re-alleges Paragraphs 1.1 through 4.23 and incorporates herein as if set forth in full.*

4.24    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution guarantees Plaintiff the substantive right to participate equally in all education and education-related activities, and to be free from discriminatory practices.

4.25    Defendants have violated, and continue to violate, Plaintiff's constitutionally protected rights to receive the same treatment as other races. Defendants have demonstrated a deliberate indifference to

PLAINTIFFS' COMPLAINT FOR DAMAGES
PAGE 6 OF 7

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

the racial discrimination they have perpetuated through their actions. Defendants have acted, and continue to act, to deny Plaintiff's equal protection of the laws.

4.26   Plaintiff has suffered and will continue to suffer irreparable harm caused by Defendants' actions and omissions that reduce opportunities to participate in his education on the basis of race.

## V.   PRAYER FOR RELIEF

**WHEREFORE,** having fully stated his causes of action, Plaintiff prays for judgment as follows:

1. Economic damages for the value of tuition paid;

2. Special damages, including but not limited to, damages for mental and emotional distress;

3. Reinstatement to the school;

4. Reasonable attorneys' fees and costs; and

5. Such other relief as the Court deems just and equitable under the circumstances.

*Dated this 21st day of June, 2016*

**CHUNG, MALHAS, & MANTEL, PLLC:**

*/s/ Edward C. Chung*
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff

PLAINTIFFS' COMPLAINT FOR DAMAGES
PAGE 7 OF 7



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098