HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK NJOROGE,<br><br>   Plaintiff,<br><br>   v.<br><br>VOCATIONAL TRAINING INSTITUTE, INC.,<br><br>   Defendant. | Case No. C16-951-RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiff Patrick Njoroge's Emergency Motion to Extend Discovery Cutoff 45 Days and to Strike Defendant's July 17, 2017 Deposition. Dkt. # 16. Having reviewed Plaintiff's submissions, the applicable law, and relevant portions of the record, the Court **DENIES** the motion.

On October 4, 2016, the Court issued a scheduling order setting all trial and pretrial deadlines. Dkt. # 13. As set forth in that order, the deadline to complete discovery in this matter is July 17, 2017. *Id.* On July 14, 2017, Plaintiff filed the instant motion seeking to extend the discovery deadline and strike a deposition set for July 17, 2017. Dkt. # 16. According to Plaintiff, Defendant is willing to reschedule the deposition, but only under the condition that Plaintiff refrains from seeking an extension of discovery. Dkt. # 16-1 at 3 (Decl. of Plaintiff's Counsel ¶ 7).

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Federal Rule of Civil Procedure

ORDER – 1

16 permits the Court to modify a case schedule "only for good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment of the deadlines. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff contends that good cause exists to modify the scheduling order because (1) he was attending to a family emergency in Africa from March 29 to April 27, 2017, (2) his attorney was unavailable from March 13 to March 28, 2017 due to a family crisis, (3) Plaintiff has attended all noted depositions and complied with all other discovery obligations to date, and (4) Plaintiff's counsel was in trial from May 17 to May 22, 2017.

The Court finds that Plaintiff has not made the threshold showing of diligence that is necessary to establish good cause under Rule 16(b). The discovery deadline is today, yet Plaintiff waited until near the close of business last Friday to file his motion. Although the Court sympathizes with Plaintiff's and his counsel's family crises, months have passed since the time periods that these crises caused Plaintiff and his counsel to be unavailable. Plaintiff's counsel's unavailability for six days in May is similarly unavailing. Plaintiff's compliance with other discovery obligations is expected and cannot justify a last minute modification of the Court's scheduling order.

For the reasons stated above, the Court **DENIES** Plaintiff's Emergency Motion to Extend Discovery Cutoff 45 Days and to Strike Defendant's July 17, 2017 Deposition. Dkt. # 16.

DATED this 17th day of July, 2017.

United States District Court Judge
James L. Robart

ORDER – 2