THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK NJOROGE,

Plaintiff,

v.

VOCATIONAL TRAINING INSTITUTES, INC.
d/b/a/ PIMA MEDICAL INSTITUTE,

Defendant.

No. 2:16-cv-00951- RAJ

ORDER

This matter comes before the Court on Defendant's motions *in limine*. Dkt. # 30. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendant's motions *in limine*.

## I. BACKGROUND

This matter is set for trial on two claims: whether Defendant retaliated against Plaintiff in violation of Title VI and Washington's Law Against Discrimination (WLAD) because he filed an appeal from his May 2014 termination from the Occupational Therapy Assistant ("OTA") program at the Pima Medical Institute ("Pima"). The details of Plaintiff's allegations against Defendant are set forth in this Court's Order granting in part and denying in part Defendant's Motion for Summary Judgment and will not be repeated here. Dkt. # 32.

ORDER - 1

## II. LEGAL STANDARD

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). To decide on the motions *in limine*, the Court is generally guided by Federal Rules of Civil Procedure 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Civ. P. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

## III. MUTUALLY AGREED MOTIONS IN LIMINE

Plaintiff agrees to refrain from offering any testimony and evidence relating to the perceived effect of Plaintiff's alleged paper on "Kikuyu culture". Dkt. # 33 at 6.

Plaintiff agrees to refrain from offering any testimony and evidence relating to any alleged favorable treatment of any other students in the Occupational Therapy Assistant ("OTA") program at Pima. Dkt. # 33 at 7. Plaintiff also agrees to refrain from offering testimony and evidence relating to any alleged unfair treatment of any other students in the OTA program. *Id.*

Plaintiff agrees to refrain from offering any testimony and evidence regarding the parties' motions *in limine* or any other motions filed in this lawsuit. *Id.*

The parties agree that all Orders issued on the parties' motions *in limine* will be binding on witnesses. Dkt. # 33 at 8.

The parties agree that all non-party witnesses who will testify at trial will be excluded from the courtroom prior to their testimony. *Id.*

## IV. DEFENDANT'S MOTIONS IN LIMINE

Defendant moves that Plaintiff not be allowed to offer any evidence, testimony, or exhibits at trial, and that the Court deem all of the facts set forth in Defendant's Pretrial Statement as stipulated. Defendant argues that Plaintiff failed to respond to Defendant's request to confer regarding the parties' Pretrial Order, failed to identify any witnesses or exhibits for trial, failed to contest the statement of facts in Defendant's Pretrial Statement, and failed to meet and confer regarding Defendant's motions *in limine*. In his Response, Plaintiff represented that he sent Defendant his Pretrial Statement and a proposed Pretrial Order several days before the Pretrial Order was due, and that the parties then conferred regarding the Pretrial Order. Plaintiff argues that Defendant was not prejudiced by his untimely disclosures because Plaintiff only intends to offer one witness, himself, and because all of the exhibits he intends to offer in support of his argument are documents Defendant is currently in possession of. Defendant offers no other argument as to how it has been prejudiced by Plaintiff's untimely disclosure such that the exclusion of all of Plaintiff's evidence would be equitable. Further, as the trial date for this matter was continued, Defendant has had additional time to prepare for trial in light of this information. Defendant's Motion to exclude all evidence, testimony, and/or exhibits offered by Plaintiff at trial is **DENIED**[1].

### A. Hearsay Statements Offered in Opposition to Motion for Summary Judgment

Defendant argues that Plaintiff should not be permitted to offer any testimony and evidence relating to hearsay statements in Plaintiff's declaration submitted in response to Defendant's Motion for Summary Judgment. Plaintiff argues that these statements should be allowed because they are based on Plaintiff's personal knowledge. Plaintiff makes no argument that these statements are not hearsay, or are otherwise

---

[1] This denial is not to be construed as a ruling on the admissibility or authenticity of any of the parties' exhibits.

ORDER - 3

admissible under the Federal Rules of Evidence, relying instead on statements made by the Court in its Order on Defendant's Motion for Summary Judgment. Dkt. # 32. The Order states that "several of the facts alleged in Plaintiff's declaration appear to be based on personal knowledge and alleged experiences." *Id.* at 2. This statement is not a ruling on the admissibility of any of the hearsay statements in Plaintiff's declaration, but a statement as to whether Plaintiff's declaration met the requirements of Federal Rule of Civil Procedure 56(c).

Defendant repeats many of the arguments made in support of its' motion to strike Plaintiff's declaration to support its motion to exclude evidence related to hearsay statements in that declaration. Dkt. # 27. Specifically, Defendant argues that these statements are inadmissible hearsay, that Plaintiff failed to lay a foundation to show that that the purported declarants had personal knowledge from which they made the alleged statements, and that the statements are unfairly prejudicial to Defendant. First, as noted in the previous Order, the Court makes no judgment on whether Plaintiff will able to lay a foundation for these statements. Similarly, the Court makes no judgment on whether evidence or testimony related to these statements are admissible or unfairly prejudicial at this time. To do so prior to trial would be premature and such motions are better resolved in the proper context. Therefore, Defendant's Motion to exclude testimony and evidence related to alleged hearsay statements in Plaintiff's declaration is **TAKEN UNDER ADVISEMENT** without prejudice for Defendant to raise an objection at trial if Plaintiff seeks to introduce such evidence.

B. Testimony and Evidence Related to New Allegations

Defendant contends that Plaintiff's declaration contained allegations that conflicted with his prior deposition testimony or were omitted from his deposition testimony when asked. Defendant argues that these new allegations were offered after the close of discovery and that Defendant has not had an opportunity to investigate and obtain rebuttal testimony or discovery. Defendant further argues that these allegations

ORDER - 4

are inadmissible hearsay, speculative, and prejudicial and should be excluded under Federal Rules of Evidence 802, 602 and 403. Defendant moves that testimony and evidence relating to the following statements be excluded from trial:

1. Alleged statement that there was "no ground to deny" Njoroge the opportunity to repeat his lab skills work after receiving a failing grade. Dkt. # 26 ¶ 9.
2. Alleged statement by Dr. Corsilles-Sy that Njoroge "should be an ESL student." Dkt. # 26 ¶ 43.
3. Allegation that Plaintiff had a discussion with Campus Director Bob Panerio regarding an alleged statement made by Ms. Keeney regarding Plaintiff's critical thinking skills. Dkt. # 26 ¶ 20.
4. Allegation that it was "widely known" that instructors were hostile to Plaintiff's ethnographic sketch regarding his native culture. Dkt. # 26 ¶ 2.

Plaintiff agrees not to proffer any evidence related to the allegation that instructors were hostile to Plaintiff's ethnographic sketch. Therefore, the Court **GRANTS** this Motion to the extent that Defendant wishes to exclude evidence related to that allegation. However, to the extent that Defendant argues that some of Plaintiff's allegations are contradicted by his deposition testimony, that determination is a credibility determination that is more appropriately considered at trial. Defendant's argument that the inclusion of such evidence would be prejudicial because Defendant did not have time to prepare rebuttal evidence is similarly unpersuasive. Plaintiff filed the declaration at issue on September 5, 2017, almost four months prior to the trial date. Contrary to Defendant's contention, Defendant has had sufficient time to investigate and obtain rebuttal testimony regarding these allegations. Dr. Corsilles-Sy and Mr. Panerio are listed as witnesses that will testify for Defendant at trial. As such, Defendant will be given the opportunity to rebut any evidence related to the alleged

ORDER - 5

statement made by Dr. Corsilles-Sy and the alleged discussion with Mr. Panerio. Therefore, Defendant's Motion to exclude testimony and/or evidence related to the remaining three allegations is **TAKEN UNDER ADVISEMENT** without prejudice for Defendant to raise an objection at trial if Plaintiff seeks to introduce such evidence.

To the extent that Defendant argues that some of these allegations and related evidence should be excluded because they are inadmissible hearsay, for the reasons stated above, the Motion is **TAKEN UNDER ADVISEMENT** without prejudice for Defendant to raise an objection at trial if Plaintiff seeks to introduce such evidence.

C. Alleged Improper Grading for Plaintiff's Pediatrics Course

Defendant argues that evidence related to the alleged improper grading of Plaintiff's Pediatrics Course is inadmissible speculation and unfairly prejudicial under Federal Rules of Evidence 602 and 403. The Court disagrees with this characterization. The Court will not exclude this evidence based merely on Defendant's contention that Plaintiff's allegations are not based on personal knowledge. "Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Civ. P. 602. These allegations are relevant to Plaintiff's claims, and the probable value is not substantially outweighed by its possible prejudicial effect. However, the Court **DENIES** Defendant's Motion without prejudice for Defendant to raise an objection at trial if Plaintiff fails to lay a proper foundation for his testimony on this matter.

The above rulings are preliminary in nature based on what is presently known to the Court. Should any party determine that a factual change has occurred during trial that should be considered regarding these motions and the Court's ruling, they should so advise the Court outside the presence of the jury.

## V. CONCLUSION

For all the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's motions *in limine*. Dkt. # 30.

Dated this 26th day of December, 2017.

The Honorable Richard A. Jones
U.S. District Judge

ORDER - 7